DOUGLAS A. WICKHAM, Bar No. 127268
MEREDITH M. SNYDER, Bar No. 254172
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583
E-mail: dwickham@littler.com

Attorneys for Defendants
T. D. WILLIAMSON, INC., TDW SERVICES, INC., DON MCCOURT, and CANDACE PETERSON

VICTOR L. GEORGE, Bar No. 110504
WAYNE C. SMITH, Bar No. 122535
LAW OFFICES OF VICTOR L. GEORGE
20355 Hawthorne Boulevard
1st Floor
Torrance, CA 90503
Telephone: (310) 698-0990
Facsimile: (310) 698-0995
E-mail: vegeorgelaw@earthlink.com

Attorneys for Plaintiff
WILLIAM LEROUX

NOTE CHANGES MADE BY THE COURT

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLIAM LEROUX,

Plaintiff,

v.

T. D. WILLIAMSON, INC., a business form unknown; TDW Services, a business form unknown; DON McCOURT, an individual; and CANDICE PETERSEN, an individual; and DOES 1 through 100, inclusive

Defendants.

Case No. CV10 4142 DMG (AGRx)

ASSIGNED FOR ALL PURPOSES TO JUDGE DOLLY M. GEE

~~STIPULATION RE~~ PROTECTIVE ORDER

Complaint Filed: April 27, 2010

NOTE CHANGES MADE BY THE COURT

NOTE CHANGES MADE BY THE COURT

I. PURPOSE OF STIPULATION AND PROTECTIVE ORDER

The parties to this action anticipate that the discovery phase of this matter may involve the disclosure of material protected under the constitutional, statutory, or common law right to privacy or protected as confidential business, financial, proprietary, or trade secret information. Without waiving any objections to the discoverability of any such information, it is the parties' intention to provide a mechanism by which discovery of relevant information, otherwise not objectionable, may be obtained in a manner which protects all parties, including non-parties and third parties to this litigation, from the risk of disclosure of such confidential information. Accordingly, the parties, by and through their respective counsel, hereby by stipulate to, and seek the Court's approval of, the following Protective Order.

II. DEFINITIONS

1. Party. "Party" means any of the parties to this action, their affiliates, and their respective officers, directors, and employees.

2. Counsel. "Counsel" means:

a. Littler Mendelson, a professional corporation, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this action;

b. Law Offices of Victor L. George, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this action;

3. Confidential or Confidential Information. For the purposes of this Protective Order, the term "Confidential" or "Confidential Information" is information that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of: (1) defendants T.D. Williamson, Inc., TDW Services, Inc., Don McCourt, and

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Candace Peterson (collectively, the "Defendants"); (2) plaintiff William LeRoux ("Plaintiff"); or (3) any third parties upon their request, ~~the disclosure of~~ which information is likely to have the effect of causing harm to the competitive position of Defendants or to the organization or person from whom the information was obtained, or to the parties' privacy. Confidential Information also includes private information pertaining to Defendant's or a third party's employees, for which Defendants or third parties have a duty to maintain the confidentiality of such information. Information designated Confidential may be used only in connection with this proceeding, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Order. AGR

III. DESIGNATION OF PROTECTED INFORMATION

5. In connection with discovery proceedings in this action, the Parties may reasonably designate any appropriate document, thing, material, testimony or other information derived therefrom, as Confidential under the terms of this Protective Order (hereinafter "Protective Order"). By designating a document, thing, material, testimony, or other information derived therefrom as Confidential, the Party making the designation is certifying to the Court that there is a good-faith basis both in law and fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

6. Confidential documents shall be so designated by stamping each page of the document produced to a Party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the face of a CD-ROM, DVD, or other computer disk or electronic storage device shall designate all contents therein as Confidential, unless otherwise indicated by the producing party.

7. Testimony taken at a deposition~~, conference, hearing or trial~~ may be designated as Confidential by making a statement to that effect on the record at the deposition ~~or other proceeding~~ or~~, in the case of a deposition,~~ such designation may be made within thirty (30) days after the receipt of the deposition transcript. AGR

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately. During the thirty (30) day period, all such deposition transcripts shall be treated as if they had been designated as Confidential.

8. Material designated as Confidential under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (collectively, "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

9. Confidential Material produced pursuant to this Protective Order and marked solely as "Confidential" may be disclosed or made available only to:

a. the Court; ~~a jury,~~ arbitrator, ~~other trier or determiner of fact in this action,~~ or a mediator who has been mutually agreed upon by the Parties; AGR

b. Counsel for a Party (including the paralegal, clerical, and secretarial staff employed by such Counsel);

c. a Party, or an officer, director, or employee of a Party deemed necessary by Counsel to aid in the prosecution, defense, or settlement of this action;

d. experts or consultants (together with their clerical staff) retained by such Counsel to assist in the prosecution, defense, or settlement of this action, except that such experts and consultants shall not be employees of any Party or currently or previously under contract with any Party (except any retention agreement relating to such experts or consultants as experts or consultants in this action), or previously affiliated or associated in any way with any Party;

e. court reporter(s) employed in this action;

f. a witness at any deposition or other proceeding in this action; and

g. any other person as to whom the Parties in writing agree.

Categories (c)-(g) above shall hereafter be referred to as "Qualified Person(s)." Prior

to receiving any Confidential Material, each Qualified Person shall be provided with a copy of this Protective Order and shall execute a Nondisclosure Agreement in the form of Attachment A prior to receiving any Confidential Material. The fully-executed Nondisclosure Agreement shall be retained by Counsel for the Party disclosing such Confidential Material to the Qualified Person.

11. Where testimony at a deposition involves disclosure of Confidential Material, such deposition shall be taken only in the presence of the individuals identified in paragraph 9, subject to the requirements of paragraph 9's requirement of the execution of a Nondisclosure Agreement.

12. Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate; provided, however, if a Party has obtained any such material pursuant to a separate confidentiality agreement or other legal obligation of confidentiality, that Party shall continue to adhere to such confidentiality obligations. Nothing in this Protective Order shall be deemed to restrict in any way any Party's own documents or information, or the Party's attorneys with respect to that Party's own documents or information.

13. If a Party wishes to file documents with the Court which have been designated "CONFIDENTIAL" by another Party or Third Party pursuant to this Protective Order, ~~such documents must be filed under seal in compliance~~ that party must comply with Local Rule 79-5.1. AGR

14. ~~In the event that any Confidential Material is used in any Court proceeding in this action, it shall not lose its Confidential status through such use and the Party using such Confidential Material, shall take all reasonable steps to maintain its confidentiality during such use.~~ AGR

15. This Protective Order shall be without prejudice to the rights of the Parties or any other Third Party (a) to bring before the Court at any time the question

LITTLER MENDELSON

of whether any particular document or information is Confidential or whether its use should be restricted, or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

16. If a Party wishes to challenge the designation of materials stamped "CONFIDENTIAL," the Challenging Party shall notify the Designating Party in writing of the documents and basis for the challenge. The Designating Party shall respond in writing within five (5) business days thereafter. If any disputes remain, the parties shall meet and confer within four (4) business days of the Designating Party's response in an effort to resolve such disputes. If any disputes remain unresolved, the Challenging Party shall bring a motion seeking to remove the confidentiality designation pursuant to Local Rule 37. The Designating Party shall provide its portion of a joint stipulation to the Challenging Party pursuant to Local Rule 37-2.2 within five (5) business days after the parties meet and confer. Such motion shall thereafter be governed by Local Rule 37-2.2 through 37-4. This Protective Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order.

17. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor in the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver by any Party or any Third Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or any Third Party or the absence thereof, or to impact in any way a Party's right to object to any discovery requests on any grounds, including attorney-client privilege, work product immunity, or any other protection provided under the law.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

18. While this Stipulation is for the Court's consideration and approval as an order, it shall also be construed to create a contract between the Parties or between the Parties and their respective counsel.

19. This Protective Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this action, Counsel for the Parties shall assemble and return to each other all documents, materials, and deposition transcripts designated as Confidential. Alternatively, Counsel may agree to destroy all documents, materials, and deposition transcripts designated as Confidential, and provide written affirmation of such to opposing Counsel.

20. This Stipulation and Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of this Stipulation and Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

21. In the event a party inadvertently discloses or produces any Confidential materials without designation, such inadvertent disclosure does not constitute a waiver of confidentiality status. A party may designate such documents/information Confidential within a reasonable time after such inadvertent disclosure.

22. If a party wishes to use another party's "confidential" documents at trial, the party shall advise the other party's counsel prior to offering the documents, with advance notice if reasonably practicable. The proponent of confidentiality then may move to file the documents under seal. The proponent also may move the Court to restrict access to the courtroom while the "confidential" documents are discussed. The other parties need not join in such motions.

23. In the event that a party is served with a subpoena by any person, firm, corporation, or other entity who is not a party to this action, is not a signatory to this

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Order, or otherwise is not bound by this Order, which seeks to compel production of Confidential documents, the party upon whom the subpoena is served shall give written notice of the subpoena to the party who has asserted that the information or documents sought by the subpoena is Confidential. The written notice required by this Paragraph shall be given no later than seven (7) days after receipt of the subpoena, or before the production date set forth in the subpoena, whichever is earlier. The party who designated the subject information or documents as Confidential shall have the responsibility to obtain from the Court an order quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents. If such a motion is filed before the requested production date, the party upon whom the subpoena, discovery request, or order is served shall not produce the subject information or documents requested in the subpoena, discovery request, or order until after such time as the Court rules on the motion to quash the subpoena or motion for protective order. If an order quashing the subpoena or motion for protective order is obtained, the party upon whom the subpoena, discovery request, or order is served shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena, discovery request, or order, or if the motion to quash the subpoena or motion for protective order is denied, the party upon whom the subpoena, discovery request, or order is served may comply with the same without being deemed to have violated this Order.

//

//

//

//

//

//

//

24. This Stipulated Protective Order may be modified only if such modification is in writing, signed by the parties, and approved by an order of the Court.

Dated: September 17, 2010

DOUGLAS A. WICKHAM
MEREDITH M. SNYDER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
T.D. WILLIAMSON, INC., TDW SERVICES, INC., DON MCCOURT, and CANDACE PETERSON

Dated: September 16, 2010

WAYNE C. SMITH
LAW OFFICES OF VICTOR L. GEORGE
Attorneys for Plaintiff
WILLIAM LEROUX

IT IS SO ORDERED.

September 21, 2010

Alicia G. Rosenberg
UNITED STATES MAGISTRATE JUDGE

**Attachment A**

**NONDISCLOSURE AGREEMENT**

I, ______________________, do solemnly swear that I am fully familiar with the terms of the Stipulation and Protective Order entered in William LeRoux v. T.D. Williamson, Inc., a business form unknown; TDW Services, a business form unknown; Don McCourt, an individual; Candice Petersen, an individual; and Does 1 through 100, inclusive, United States District Court for the Central District of California, Civil Action No. CV 10-4142 DMG (AGRx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Dated: ______________________

______________________

Name:______________________

Address:______________________

______________________

Firmwide:97337178.1 064616.1001